UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLI PIACENTE,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 13-cv-05261 BHS<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date:  May 9, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule 4(a)(4), and as authorized by *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 13, 21, 22).

After considering and reviewing the record, the undersigned finds that the ALJ erred in failing to account fully for the State agency psychological opinions, with respect to plaintiff's limitations in working with the general public.  The ALJ purported to give

significant weight to those opinions, but when the ALJ assessed plaintiff's residual functional capacity ("RFC"), the ALJ did not limit plaintiff's interaction with the public, and did not explain why that limitation was not included. On remand, the ALJ should reassess those limitations and either fully account for them, or provide legally sufficient reasons to reject them.

## BACKGROUND

Plaintiff, KELLI PIACENTE, was born in 1985 and was 24 years old on the alleged date of disability onset of October 1, 2009 (*see* Tr. 165-74). Plaintiff was in special education classes and graduated from high school (Tr. 56-57). Plaintiff worked for approximately four years as a janitor, but was terminated for job abandonment and failure to comply with the Employee Assistance Program (Tr. 185, 188).

The administrative law judge ("ALJ") found that plaintiff has the severe impairments of learning disorder; attention deficit hyperactivity disorder; major depressive disorder; anxiety disorder; avoidant and dependent traits; and methamphetamine abuse and dependence in reported remission (Tr. 25).

At the time of the hearing, plaintiff was 21 weeks pregnant and living with her mother (Tr. 52-53).

## PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits under 42 U.S.C. § 423 and Supplemental Security Income benefits under 42 U.S.C. § 1382(a) of the Social Security Act ("the Act") (*see* Tr. 165-174). The applications were denied initially and on reconsideration (Tr. 95-102, 108-28). ALJ Kimberly Boyce held a hearing on December

21, 2011 (*see* Tr. 44-90). On February 2, 2012, the ALJ issued a written decision finding plaintiff not disabled (*see* Tr. 20-40).

On February 4, 2013, the Appeals Council denied plaintiff's request for review, making the ALJ's written decision the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in April, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on August 5, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, she raises the following issues: (1) Whether or not the ALJ accounted for all of plaintiff's limitations in the RFC assessment; (2) Whether or not the ALJ gave legally sufficient reasons for rejecting the opinions of Norma Brown, Ph.D., and Catherine Howe, Ph.D.; and (3) Whether or not the errors in the ALJ's decision were harmful and warrant remand for further proceedings or for payment of benefits (*see* ECF No. 13, p. 1-2).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

*Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

In addition, the Court must independently determine whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (*citing Chenery Corp., supra*, 332 U.S. at 196). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d at 1117-22; *see also* 28 U.S.C. § 2111; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

## DISCUSSION

**(1)   Whether or not the ALJ accounted for all of plaintiff's limitations in the RFC assessment.**

Plaintiff argues that the ALJ erred in failing to account for all of the limitations identified by state agency consultants in opinions (Tr. 479-82, 556-58) she purportedly afforded significant weight (Tr. 31-32).  In particular, plaintiff points to the consultants' opinions regarding her ability to interact with the public, and their checkbox opinions as to other concentration deficits, as inconsistent with the ALJ's RFC assessment.

The checkbox limitations included in Section I of state agency Mental RFC Assessment ("MRFCA") forms are not intended to guide an ALJ's assessment of a claimant's RFC; it is the narrative portion (Section III) of the MRFCA that an ALJ is directed to consider.  *See* Program Operations Manual System, DI 25020.010 at B.1 (directing an ALJ to use narrative portion of MRFCA form, not checkbox portion of form, in assessing a claimant's RFC)*; Nathan v. Colvin*, __ Fed. Appx. __, 2014 WL 28617, at *2 (9th Cir. Jan. 3, 2014) (finding that Section I of an MRFCA is "not an RFC assessment," and that the ALJ "correctly included all limitations identified in Section III of the MRFCA").  Thus, the ALJ did not err in failing to include all of the checkbox limitations included in the MRFCAs.

But the ALJ did err in failing to account for the state agency opinions regarding plaintiff's ability to interact with the general public, without explaining why she did not adopt those opinions.  State agency psychological consultant Dan Donahue, Ph.D., indicated that "due to [plaintiff's] social anxiety [she] would do better in a [non-public]

setting." Tr. 481. State agency psychological consultant John F. Robinson, Ph.D., opined that plaintiff "would not be successful with general public contact[.]" Tr. 558. Nonetheless, the ALJ found plaintiff capable of serving or regularly interacting with the public on an occasional basis, and did not acknowledge or explain the discrepancy between her RFC assessment and the credited State agency opinions regarding plaintiff's ability to interact with the general public. Tr. 28.

According to Social Security Ruling 96-6p, state agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 LEXIS 3 at *4. Therefore, regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in his decision the weight given to such opinions." *Sawyer v. Astrue*, 303 Fed. Appx. 453, *455, 2008 U.S. App. LEXIS 27247 at **2-**3 (9th Cir. 2008) (*citing* 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 SSR LEXIS 3, *5) (memorandum opinion) (unpublished opinion). According to Social Security Ruling (hereinafter "SSR") 96-6p, "[a]dministrative law judges . . . . may not ignore the[] opinions [of state agency medical and psychological consultants] and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 SSR LEXIS 3, 1996 WL 374180 at *2. This ruling also provides that "the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by State agency medical or psychological consultants," and said assessments "are to be considered and addressed in the decision." *Id.* at *10.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6

Although the Commissioner broadly asserts that the ALJ's RFC assessment is in fact consistent with the state agency opinions (ECF No. 21, p. 4-6), she apparently overlooks the inherent conflict between a prohibition on public contact and the ability to interact with the public occasionally.  On remand, the ALJ should reconsider the state agency MRFCAs and either credit the prohibition on public contact or explain why that prohibition is not adopted.[1]

**(2)   Whether or not the ALJ gave legally sufficient reasons for rejecting the opinions of Dr. Brown and Dr. Howe.**

Plaintiff assigns error to the ALJ's assessment of opinions (Tr. 426-33, 461-64) provided by two examining psychologists, Drs. Brown and Howe.  The ALJ gave "less weight" to both opinions (Tr. 31-32), and plaintiff contends that the ALJ's reasons for doing so are not legally sufficient.

**A.   Legal Standards**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the

---

[1] Because it is not clear that plaintiff would be found disabled even if the State agency opinions were credited in their entirety, additional proceedings would serve a useful purpose. Therefore, this case should be remanded for additional proceedings, rather than for payment of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews*, 53 F.3d at 1043; *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

### B. Dr. Brown's Opinion

Dr. Brown completed a DSHS form opinion in March 2010, indicating that plaintiff had many moderate, marked, and severe limitations in cognitive and social functioning (Tr. 429). The ALJ provided three reasons to discount Dr. Brown's opinion: (1) it was rendered before plaintiff's alleged onset of disability; (2) it appears "heavily based" on the claimant's subjective reports, which lack credibility; and (3) the attached treatment notes do not corroborate the severity of Dr. Brown's opinion (Tr. 32).

The ALJ's first reason is patently insufficient, because it is not true: plaintiff's alleged onset date is October 1, 2009 (Tr. 173), which is months before Dr. Brown's evaluation, and thus the ALJ erroneously indicated that Dr. Brown's evaluation predated

plaintiff's alleged onset date. This error is harmless, however, because the ALJ's second and third reasons are legitimate.

As to the ALJ's second reason, Dr. Brown's opinion repeatedly reiterates plaintiff's subjective reporting (Tr. 429), particularly as to social functioning, and plaintiff has not challenged the ALJ's adverse credibility determination (Tr. 29-30). Because Dr. Brown did not support all of her opinions with her own clinical findings, the ALJ did not err in discounting Dr. Brown's opinion due to her reliance on plaintiff's non-credible self-report. *See Bray*, 554 F.3d at 1228. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Court noted multiple instances of the application of these principles. *Id*. (collecting cases). The Court noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Id.* (citations omitted).

The ALJ's third reason is also legitimate: the treatment notes attached to Dr. Brown's opinion, which include counseling notes from January-February 2008 sessions (Tr. 443-55), document primarily plaintiff's difficulty in a romantic relationship, but do not corroborate Dr. Brown's opinions regarding plaintiff's functional limitations.

Because the ALJ provided two specific and legitimate reasons to discount Dr. Brown's opinion, she did not err.

    **C.**    **Dr. Howe's Opinion**

Consultative examiner Dr. Howe evaluated plaintiff in October 2010, performing a clinical interview and a mental status examination (Tr. 461-64). Dr. Howe summarized her findings as follows:

> I believe the claimant is incapable of managing her funds, based on the fact that she's unable to do any simple calculations at all on the mental status exam. I believe she might have difficulty performing both simple and repetitive tasks, as well as detailed and complex tasks, given the fact that she did very poorly on the mental status exam. I believe she might be able to accept very simple instructions from supervisors, based on the fact she was able to follow a 3-step command, however I believe she would have significant difficulty interacting with coworkers and the public, based on the fact that she appears extremely anxious throughout the interview today.

Tr. 464. The ALJ discounted Dr. Howe's opinion regarding plaintiff's functional limitations for three reasons: (1) it was "heavily based" on claimant's non-credible self-report; (2) the findings are inconsistent with plaintiff's reported activities; (3) the findings are inconsistent with the "overall objective evidence of record that indicates that although the claimant has some mental limitations, she is not as limited as alleged" (Tr. 31). Plaintiff alleges that these reasons are not specific and legitimate.

The ALJ's first reason is specific and legitimate, because most of Dr. Howe's evaluation report consists of plaintiff's self-report. Her sections addressing plaintiff's activities, social functioning, and concentration/persistence/pace include exclusively self-reported comments (Tr. 463). As the ALJ found that plaintiff's subjective testimony lacks credibility, and plaintiff did not challenge that finding, the ALJ was entitled to discount Dr. Howe's opinion to the extent it relied on plaintiff's subjective reporting. *See Bray*, 554 F.3d at 1228.

Furthermore, as noted in the ALJ's second reason, the activities plaintiff reported to Dr. Howe are inconsistent with other reports of her activities: she denied any substance abuse history to Dr. Howe (Tr. 462), though her methamphetamine use (including during October 2010) is undisputed and well-documented elsewhere in the record (*e.g.*, Tr. 525-26).  Plaintiff told Dr. Howe that she has significant difficulty with reading (Tr. 462), but the ALJ noted that she was able to complete her benefits application paperwork on her own (Tr. 30 (citing Tr. 512)).  Plaintiff also told Dr. Howe that she had no friends (Tr. 463), but testified at the December 2011 administrative hearing that she had been dating her boyfriend for more than two years (Tr. 52).

The ALJ's third reason is not specific, because she does not cite to any particular evidence constituting "the overall objective evidence of record" (Tr. 31).  But this error is harmless because the ALJ provided two other specific, legitimate reasons to discount Dr. Howe's opinion.

For these reasons, the ALJ did not err in her assessment of the opinions of Drs. Brown and Howe.

## CONCLUSION

The ALJ erred in purporting to credit the State agency psychological opinions, by failing to incorporate their restrictions on plaintiff's contact with the public.  On remand, the ALJ should reassess those opinions and either fully account for them, or provide legally sufficient reasons to reject them.  Accordingly, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 9**,** 2014, as noted in the caption.

Dated this 15th day of April, 2014.

J. Richard Creatura
United States Magistrate Judge